## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| JACK HENRY & ASSOCIATES, INC., | ) |
| COMMUNITY BANK OF TEXAS, NA, | ) |
| AMERICAN NATIONAL BANK OF TEXAS, NA, | ) |
| GREEN BANCORP, INC., | ) |
| GREEN BANK, NA, | ) |
| MOODY NATIONAL BANK, NA, | ) |
| FIRST SONORA BANCSHARES, | ) |
| FIRST NATIONAL BANK OF SONORA, | ) |
| EXTRACO BANKS, NA, | ) |
| CITIZENS STATE BANK, | ) |
| TEXAS GULF BANK, NA | ) |
| JEFFERSON BANK | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| PLANO ENCRYPTION TECHNOLOGIES | ) |
| LLC | ) |
| **Defendant.** | ) |

## PLAINTIFFS' COMPLAINT FOR
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

Plaintiffs Jack Henry & Associates, Inc.; Community Bank of Texas, NA; American National Bank of Texas, NA; Green Bancorp, Inc.; Green Bank, NA; Moody National Bank, NA; First Sonora Bancshares; First National Bank of Sonora; Extraco Banks, NA; Citizens State Bank; Texas Gulf Bank, NA; and Jefferson Bank (collectively "Plaintiffs") file this Complaint for Declaratory Judgment of Non-Infringement against defendant Plano Encryption Technologies, LLC ("PET"). Plaintiffs plead and aver as follows:

### NATURE OF THE ACTION

1. This is an action for declaratory judgment that U.S. Patent Nos. 5,974,550; 5,991,399; 6,587,858 ("Patents-in-Suit") are not infringed by Plaintiffs. This action is brought

pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 100 et seq., and for such other relief as the Court deems just and proper.

## THE PARTIES

2.      Jack Henry & Associates is a Delaware corporation with its principal place of business located in Missouri, with customers located within this judicial district.

3.      Community Bank of Texas, NA Plaintiff Bank is National Association with its principal place of business located in Beaumont, Texas with customers located within this judicial district.

4.      American National Bank of Texas, NA is a National Association with its principal place of business in Terrell, Texas with branches and customers within this judicial district.

5.      Green Bank, NA is a National Association with its principal place of business located in Houston, Texas and maintaining branches and customers within this judicial district.

6.      Green Bancorp, Inc. is a Texas corporation with its principal place of business in Houston, Texas.

7.      Moody National Bank, NA is a National Association with its principal place of business located in Galveston, Texas and maintaining customers within this judicial district.

8.      First Sonora Bancshares, Inc. is a Texas corporation with its principal place of business in Sonora, Texas. It is the holding company of First National Bank of Sonora.

9.      First National Bank of Sonora is a Texas corporation with its principal place of business located in Sonora, Texas and maintaining branches and customers within this judicial district.

10.     Extraco Banks, NA is a National Association with its principal place of business located in Waco, Texas and maintaining and office and customers within this judicial district.

2

11.     Citizens State Bank is a Texas corporation with its principal place of business located in Somerville, Texas and maintaining customers within this judicial district.

12.     Texas Gulf Bank, NA is a National Association with its principal place of business located in Houston, Texas and maintaining branches and customers within this judicial district.

13.     Jefferson Bank is a Texas corporation with its principal place of business in San Antonio, Texas and maintaining customers within this district.

14.     The banks and holding companies identified above are referred to herein as the "Banks."

15.     Upon information and belief, Defendant PET is a Texas limited liability company with its principal place of business at 903 18th Street, Suite 224, Plano, Texas 75074.

<u>**JURISDICTION AND VENUE**</u>

16.     This is a civil action seeking declaration of non-infringement of the Patents-in-Suit and, therefore, arises United States Patent Laws 35 U.S.C. § 271 et seq. and further under the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

17.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).   PET has accused the Banks of infringing the Patents-in-Suit thereby giving the Banks standing to bring this declaratory judgment action.

18.     The products PET has accused of infringement are products sold or licensed to the Banks by Jack Henry & Associates ("Accused Jack Henry Products").  Jack Henry & Associates has agreed to indemnify and defend the Banks for any claim of patent infringement by PET of the Accused Jack Henry Products.  Jack Henry & Associates therefore has standing as an indemnitor of the Accused Jack Henry Products.

51493491.2

19.     This Court has personal jurisdiction over PET.  PET is a Texas limited liability company with its primary place of business is located within the State of Texas and it has sufficient business or contacts within the State of Texas to justify jurisdiction under the United States Constitution and the Texas Long Arm Statute.

20.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b). Upon information and belief PET regularly engages in business within this district.  As stated herein, PET has also threatened patent infringement against numerous banks in this District. Additionally, sales and use of the Accused Jack Henry Products occurred within this District and therefore alleged infringement occurred within this District.

## STATEMENT OF FACTS

21.     There exists a real and immediate controversy between Plaintiffs and PET concerning PET's allegations that Plaintiffs infringe the Patents-in-Suit.

22.     PET alleges that **Community Bank of Texas, NA** infringes one or more claims of the Patents-in-Suit.

23.     On May 19, 2015 PET sent a letter to Community Bank of Texas, NA alleging that Community Bank of Texas infringed one or more claims of each the Patents-in-Suit.  A copy of this letter is attached as **Exhibit A**.

24.     On May 29, 2015 PET sent a letter to Community Bank of Texas, NA alleging that Community Bank of Texas infringed additional claims of the Patents-in-Suit.  A copy of this letter is attached as **Exhibit B**.

25.     On August 31, 2015, PET sent another letter to Community Bank of Texas further outlining its claim of patent infringement against Community Bank of Texas.  A copy of that letter is attached as **Exhibit C**.

26.     PET alleges that **American National Bank of Texas, NA** infringes one or more claims of the Patents-in-Suit.

27.     On July 10, 2015 PET sent a letter to American National Bank of Texas, NA alleging that American National Bank of Texas infringed one or more claims of each the Patents-in-Suit.  A copy of this letter is attached as **Exhibit D**.

28.     PET alleges that **Green Bancorp, Inc. and Green Bank, NA** infringe one or more claims of the Patents-in-Suit.

29.     On July 10, 2015 PET sent a letter to Green Bancorp, Inc. and Green Bank, NA alleging that Green Bancorp, Inc. and Green Bank, NA infringed one or more claims of each the Patents-in-Suit.  A copy of this letter is attached as **Exhibit E**.

30.     On August 31, 2015, PET sent another letter to Green Bancorp, Inc. and Green Bank, NA further outlining its claim of patent infringement against Green Bancorp, Inc. and Green Bank, NA.  A copy of that letter is attached as **Exhibit F**.

31.     PET alleges that **Moody National Bank, NA** infringes one or more claims of the Patents-in-Suit.

32.     On July 10, 2015 PET sent a letter to Moody National Bank, NA alleging that Moody National Bank infringed one or more claims of each the Patents-in-Suit.  A copy of this letter is attached as **Exhibit G**.

33.     PET alleges that **Patriot Bank** infringed one or more claims of the Patents-in-Suit.

34.     On July 10, 2015 PET sent a letter to Patriot Bank alleging that Patriot Bank infringed one or more claims of each the Patents-in-Suit.  A copy of this letter is attached as **Exhibit H**.

35.     Patriot Bank has merged into Green Bank, NA and is no longer a banking entity.

36.     PET alleges that **First Sonora Bancshares** and **First National Bank of Sonora** infringe one or more claims of the Patents-in-Suit.

37.     On July 10, 2015 PET sent a letter to First Sonora Bancshares and First National Bank of Sonora alleging that they infringed one or more claims of each the Patents-in-Suit.  A copy of this letter is attached as **Exhibit I**.

38.     On August 31, 2015, PET sent another letter to First Sonora Bancshares and First National Bank of Sonora further outlining its claim of patent infringement.  A copy of that letter is attached as **Exhibit J**.

39.     PET alleges that **Extraco Banks, NA** infringes one or more claims of the Patents-in-Suit.

51493491.2

40.     On July 10, 2015 PET sent a letter to Exatraco Banks, NA alleging that Extraco Banks infringed one or more claims of each the Patents-in-Suit.  A copy of this letter is attached as **Exhibit K**.

41.     PET alleges that **Citizens State Bank** infringes one or more claims of the Patents-in-Suit.

42.     On July 10, 2015 PET sent a letter to Citizens State Bank alleging that Citizens State Bank infringed one or more claims of each the Patents-in-Suit.  A copy of this letter is attached as **Exhibit L**.

43.     PET alleges that **Texas Gulf Bank, NA** infringes one or more claims of the Patents-in-Suit.

44.     On July 10, 2015 PET sent a letter to Texas Gulf Bank, NA alleging that Texas Gulf Bank infringed one or more claims of each the Patents-in-Suit.  A copy of this letter is attached as **Exhibit M**.

45.     PET alleges that **Jefferson Bank, NA** infringes one or more claims of the Patents-in-Suit.

46.     On July 10, 2015 PET sent a letter to Jefferson Bank, NA alleging that Jefferson Bank infringed one or more claims of each the Patents-in-Suit.  A copy of this letter is attached as **Exhibit N**.

47.     The products identified by PET as infringing the Patents-in-Suit include products sold or licensed to the Banks by Jack Henry.  As a result of the threats of infringement made by PET, Jack Henry has agreed to indemnify the Banks for the Accused Jack Henry Products.

48.     On August 10, 2015 Jack Henry notified PET that it was the provider of the Accused Jack Henry Products and explained how the Accused Jack Henry Products did not infringe the Patents-in-Suit.  A copy of this letter is attached as **Exhibit O**.

49.     As noted in Exhibits C, F & J, PET acknowledged the receipt of the Jack Henry letter but it did not respond directly to Jack Henry.

50.     PET alleges that the Accused Jack Henry Products identified in the letters to the Banks infringe the Patents-in-Suit.

51.     The Accused Banks and Jack Henry deny that they infringe any valid claim of the Patents-in-Suit.  Therefore, a genuine and legal dispute exists between the Plaintiffs and PET hereby conferring jurisdiction upon this Court pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

## COUNT I

### (DECLARATION OF NON-INFRINGEMENT OF THE '399 PATENT)

52.     Plaintiffs hereby incorporate by reference their previous allegations as if set forth fully herein.

53.     Plaintiffs have not and do not make, use, offer to sell or sell any product which infringes any valid claim of the '399 patent either directly or through the Doctrine of Equivalents.

51493491.2

54.     Plaintiffs have not and do not induce or contribute to the alleged infringement of the '399 patent.

55.     As set forth above, Defendant PET contends that the Accused Jack Henry Products infringe either directly or under the Doctrine of Equivalents one or more claims of the '399 patent.

56.     An actual and live justiciable controversy exists between PET and Plaintiffs concerning non-infringement of the '399 patent.

57.     Therefore, Plaintiffs are entitled to an Order from this Court declaring that the Accused Jack Henry Products do not infringe any valid claim of the '399 patent and for all other relief to which they are entitled.

**COUNT II**

**DECLARATORY JUDGMENT OF
NON-INFRINGEMENT OF THE '550 PATENT**

58.     Plaintiffs hereby incorporate by reference their previous allegations as if set forth fully herein.

59.     Plaintiffs have not and do not make, use, offer to sell or sell any product which infringes any valid claim of the '550 patent either directly or through the Doctrine of Equivalents.

60.     Plaintiffs have not and do not induce or contribute to the alleged infringement of the '550 patent.

61.     As set forth above, Defendant PET contends that the Accused Jack Henry Products infringe either directly or under the Doctrine of Equivalents one or more claims of the '550 patent.

51493491.2

62.     An actual and live justiciable controversy exists between PET and Plaintiffs concerning non-infringement of the '550 patent.

63.     Therefore, Plaintiffs are entitled to an Order from this Court declaring that the Accused Jack Henry Products do not infringe any valid claim of the '550 patent and for all other relief to which they are entitled.

## COUNT III

### DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT OF THE '858 PATENT

64.     Plaintiffs hereby incorporate by reference their previous allegations as if set forth fully herein.

65.     Plaintiffs have not and do not make, use, offer to sell or sell any product which infringes the '858 patent either directly or through the Doctrine of Equivalents.

66.     Plaintiffs have not and do not induce or contribute to the alleged infringement of the '858 patent.

67.     As set forth above, Defendant PET contends that the Accused Jack Henry Products infringe either directly or under the Doctrine of Equivalents one or more claims of the '858 patent.

68.     An actual and live justiciable controversy exists between PET and Plaintiffs concerning non-infringement of the '858 patent.

69.     Therefore, Plaintiffs are entitled to an Order from this Court declaring that the Accused Jack Henry Products do not infringe any valid claim of the '550 patent and for all other relief to which they are entitled.

## JURY DEMAND

Pursuant to the Federal Rules of Civil Procedure 38, Plaintiffs demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore the above stated reasons Plaintiffs pray for a declaratory judgment against PET as follows:

a.      Declare that the Accused Jack Henry Products have not and do not infringe any claim of the '399 patent;

b.      Declare that the Accused Jack Henry Products have not and do not infringe any claim of the '550 patent;

c.      Declare that the Accused Jack Henry Products have not and do not infringe any claim of the '848 patent;

d.      Award Plaintiffs any additional relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,


*/s/ Michael D. Pegues*
Michael D. Pegues
Texas State Bar No. 15730600
Jason A. Wietjes
Texas State Bar No.  24042154
POLSINELLI, PC
2950 N. Harwood Street, Suite 2100
Dallas, Texas 75201
Telephone:  (214) 397-0030
Facsimile: (214) 397-0033
jwietjes@polsinelli.com
mpgeus@polsinelli.com

Russell S. Jones, Jr.
Missouri Bar No. 30814
Richard P. Stitt
Kansas Bar No. 14268
Jay E. Heidrick
Missour Bar No. 54699
POLSINELLI PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Telephone: 816-753-1000
Facsimile: 816-753-1536
rjones@polsinelli.com
rstitt@polsinelli.com
jheidrick@polsinelli.com

ATTORNEYS FOR PLAINTIFFS

12